**STANDARD GRATE BAR CO. v. DEFENSE PLANT CORPORATION et al.**

**Civil Action No. 1245.**

District Court, M. D. Pennsylvania.

Feb. 23, 1944.

Stark, Bissell & Reifsnyder, of Scranton, for plaintiff.

Bedford, Waller, Jones & Darling, of Wilkes Barre, for defendant Esslinger-Misch Co.

Kelly, Fitzgerald & Kelly, of Scranton, Pa., for defendant Murray Corporation of America.

James J. Powell and James J. Powell, Jr., both of Scranton, Pa., for defendant Defense Plant Corporation.

WATSON, District Judge.

This is a motion by one of the defendants, the Esslinger-Misch Company, under the provisions of Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for relief from a judgment taken against it by the plaintiff.

The summons was caused to be issued September 21, 1943. Service of same was duly made upon the Esslinger-Misch Company (hereinafter called the defendant) September 23, 1943. No appearance was entered for the defendant and no answer was filed. On November 19, 1943, thirty seven days after the defendant was required to answer had expired, the plaintiff entered judgment against the defendant in the sum of $13,666 and costs for want of an appearance and answer. Rule 60(b) provides, inter alia:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

It appears from the record that officers of the defendant believed that the representative of the Defense Plant Corporation, one of the other defendants, had arranged for counsel to represent the defendant here in the action and for the filing of an answer on its behalf, and, relying on such belief, it did nothing; that, on November 19, 1943, for the first time, it heard that it was not being represented by counsel, and that nothing had been done in so far as a defense to the claim against it in the suit; and that it immediately employed counsel who, on November 24, 1943, filed the motion now before the court for disposition. The defendant, by its counsel, states that it believes that it has a full and complete defense.

372

The question is, whether the neglect on the part of the defendant was excusable. Under the circumstances, I think that it was. There were other defendants, and it is not unusual for one defendant to rely on one of the other defendants to look after the appearance, answer, etc., at the outset of the suit. Under circumstances such as exist here, in my opinion, doubts should be resolved in favor of the application in order that injustice may be avoided.

Powers vested in the trial courts by Rule 60(b) should be liberally exercised in order that cases may be disposed of upon their merits, and parties claiming in good faith to have a substantial defense to an action should be given an opportunity to present it.

The judgment entered by the plaintiff against the Esslinger-Misch Company on the 19th day of November, 1943, for $13,-660 and costs is vacated and set aside, and the Esslinger-Misch Company is directed to file an answer to the summons and complaint within fifteen days from this date.