**CHAPMAN et ux. v. HENRY A. DREER, Inc.**
Civ. A. No. 14293.

United States District Court
E. D. Pennsylvania.
May 12, 1953.

Hymen Schwartz, Philadelphia, Pa., for plaintiff.

Thomas R. White, Jr., White, Williams & Scott, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This matter is before me on a motion of the defendant entitled "Motion to Set Aside Default and Default Judgment". Actually, no judgment has been entered, but the default of the defendant has been noted of record by the Clerk of the Court for failure to plead or otherwise defend, as provided by the Rules of Civil Procedure, 28 U.S.C. The motion will be treated, therefore, as a motion to set aside the default.

We have here a situation wherein the defendant filed its answer 30 days after service of the complaint and 5 days after the default was noted on affidavit of plaintiff's attorney. Defendant contends that because of the unusual circumstances present in this case, which facts are set forth by affidavit, it has been guilty of no more than excusable neglect and therefore should be relieved of its default. The named defendant is a bankrupt corporation. There was difficulty of service of the original process and an alias summons was issued. This was served on the last president of the defunct corporation on December 30, 1952. The summons and complaint on Friday, January 16, 1953, came into the possession of the trustee in bankruptcy, who immediately transmitted it to the bankrupt's broker on Monday, January 19, 1953. By letter of the same date it was transmitted to the bankrupt's insurance carrier and received by it on January 21, 1953. On January 22, 1953, it was forwarded to the present attorney of record by the insurance company and received by him on Friday, January 23, 1953. On Monday, January 26, 1953, an answer was dictated which, due to illness of an employee in the office of the attorney, was not filed in the District Court until Thursday, January 29, 1953. These facts the defendant con-

tends constitute at the most excusable neglect.

 Motions of this nature are addressed to the discretion of the court. The relief sought is essentially equitable in nature and the trial court must consider whether any prejudice would result to plaintiff if the default were set aside. Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242. In his affidavit in opposition to the motion of the defendant, counsel for the plaintiff calls attention to the fact that the bankrupt's insurance carrier had prior knowledge of the claim, but he does not controvert any of the facts averred by the defendant in excuse of its failure to timely plead. However, he does assert that since the statute of limitations has expired (the accident in suit occurred January 19, 1951), the defense of defendant corporation that the amount in controversy herein does not exceed $3,000 would, if substantiated, oust this Court of jurisdiction and suit in the State Courts against the defendant corporation would be barred by the applicable Statute of Limitations. This factor is advanced by the plaintiff to establish prejudice to the plaintiff should this motion be granted. The question of jurisdiction is one which may be raised at any time. Even if the default should stand, that question would still be available as an attack on this Court's jurisdiction by the defendant. Consequently, in that regard, the granting of this motion would not prejudice the plaintiff.

 Defendant herein has by its answer set out a defense on the merits. The recent cases applying Rule 60(b) have uniformly held that that rule must be given a liberal construction. Tozer v. Charles A. Krause Milling Co., supra. Any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits. Huntington Cab Co. v. American Fidelity & Casualty Co., D.C., 4 F.R.D. 496, 498; Standard Grate Bar Co. v. Defense Plant Corp., D.C., 3 F.R.D. 371, 372.

 In view of the relatively short time involved, the absence of any circumstances warranting a finding of gross neglect on the part of the defendant, the lack of any substantial prejudice to plaintiff, and the assertion of what may prove to be a meritorious defense, I feel that the interests of justice will best be served by a trial on the merits. The motion, therefore, will be granted.

An appropriate order will issue.