**DALMINTER, INC.**

v.

**JESSIE EDWARDS, INC., et al.**

**Civ. A. No. 1712.**

United States District Court
S. D. Texas,
Corpus Christi Division.

June 7, 1961.

Seymour Lieberman, Houston, Tex., for plaintiff.

Kleberg, Mobley, Lockett & Weil J. Lev Hunt, Corpus Christi, Tex., for defendant Rosson-Richards Co. of Texas, Inc.

GARZA, District Judge.

On February 27, 1958, plaintiff, Dalminter, Inc., filed suit for damages caused to a shipment of steel pipe, against three defendants, one of them being Rosson-Richards Co. of Texas, Inc.

Default judgment against Rosson-Richards Co. of Texas, Inc., was filed 28 July 1960.

On November 2, 1960, defendant Rosson-Richards Co. of Texas, Inc., filed its motion to set aside said default judgment under Rule 55(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff, Dalminter, Inc., has filed its opposition to said motion and said motion is now before the Court.

The record in the case reflects that summons to be served on Rosson-Richards Co. of Texas, Inc., was issued by the Clerk on February 27, 1958, and served on said defendant, Rosson-Richards Co. of Texas, Inc., on February 28, 1958.

On March 14, 1958, which was within the 20 days from the date of service of

such summons, one T. J. Dixon, President of Rosson-Richards Co. of Texas, Inc., wrote a letter to the attorney for the plaintiff, Dalminter, Inc., acknowledging receipt of the summons and further stating, "Our answer to this complaint is that the Summons was served in error since our Corporation was not chartered until November 2, 1956."

The complaint filed by the plaintiff, Dalminter, Inc., stated that the damages complained about had taken place on or about the 4th day of August, 1956.

Nothing more was done in this matter between the two parties at bar until 28 July 1960, when attorney for plaintiff filed an affidavit with the Clerk, setting out the amount of damages, as provided in Rule 55(b) (1), F.R.Civ.P., 28 U.S.C.A.

It is clear that the defendant, Rosson-Richards Co. of Texas, Inc., heard nothing further on the matter since the summons until writ of execution issued October 26, 1960, was served on it on October 27, 1960, at which time it employed attorneys to represent it and filed the motion to set aside default judgment, which is the motion being considered.

The question to be decided is whether under Rules 55(c) and 60(b), F.R.Civ.P., 28 U.S.C.A., the Court should set aside the default judgment.

Under Rule 55(c) the party seeking to set aside a default judgment must show good cause, and under Rule 60(b) some reason as stated therein must be present. In this case, the only reasons which could be applicable would be those of mistake or excusable neglect.

■ The reason for the existence of Rules 55(c) and 60(b), F.R.Civ.P., is to assure a party claiming in good faith to have a good and substantial defense to an action against it, an opportunity to be heard; and the trial courts should exercise the powers vested by them liberally in order to achieve this result. Standard Grate Bar Co. v. Defense Plant Corporation et al, D.C., 3 F.R.D. 371.

■ A close examination of the summons served on defendant shows, like all other summonses issued pursuant to Rule 4, F.R.Civ.P., 28 U.S.C.A, that the defendant Rosson-Richards Co. of Texas, Inc., was being summoned "and required to serve upon Mr. Seymour Lieberman, plaintiff's attorney, whose address is Bank of the Southwest Building, Houston 2, Texas, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint."

This the defendant did by its letter of March 14th, a part of which is quoted above, and which stated that its answer to the complaint was that the plaintiff must have served the wrong party as its corporation had not been chartered until November 2, 1956; when the acts complained of occurred sometime in August, 1956.

The plaintiff, in opposition to the motion, points out Rules 5(d), 5(e) and 12, F.R.Civ.P., and alleges that no answer is filed unless it is filed with the Clerk or with the Court.

A layman receiving the summons served in this case, the pertinent part of which is quoted above, and not familiar with the rules, cannot have knowledge of them; and the defendant in this cause, Rosson-Richards Co. of Texas, Inc., did what it was asked to do by the summons.

Whether or not defendant Rosson-Richards Co. of Texas, Inc. has a valid defense, is not before the Court at this time. Suffice it to say that it asserted a defense which, if proven correct, would absolve it of the complaint.

Counsel for plaintiff maintains that defendant Rosson-Richards Co. of Texas,

Inc., by sending its letter of March 14th to him, had no right to believe that he would file an answer for it. This is not the point. The point is that he was served with an answer in accordance with the summons, and he had the duty to inform the Court of the receipt of such answer when the file with the Clerk showed that no answer had been filed by the defendant Rosson-Richards Co. of Texas, Inc.

Defendant Rosson-Richards Co. of Texas, Inc., had a right to believe that by its letter of March 14th to counsel for plaintiff in answer to the summons, it had appeared in the action. Under these circumstances Rule 55(b) (2), F.R.Civ. P., reading in part as follows:

> " * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * * "

applies. The letter of defendant served on plaintiff's counsel was an appearance, and it became the duty of Plaintiff's counsel, when seeking a judgment by default, to apprise the Court of said letter and to give the notice contemplated under Rule 55(b) (2). If this had been done, the defendant could have employed counsel at that time, just as it did when the writ of execution was served on it.

The defendant has shown good cause, and its failure to file an answer with the Clerk was due to mistake and excusable neglect.

The motion to set aside the default judgment is hereby granted, and said judgment is hereby set aside.

Defendant Rosson-Richards Co. of Texas, Inc., is given twenty (20) days from the entry of this order to file its answer in this cause.

The Clerk will notify the parties.