Edward Murray, Plaintiff-Appellee, v. Sydney & Maurice Korshak, d/b/a Korshak & Korshak, a Business Partnership.
On Appeal of Maurice Korshak, Defendant-Appellant.

### Gen. No. 49,414.

First District, Third Division.
September 4, 1964.

Irving Kooperman, of Chicago (Harry G. Fins, of counsel), for appellant.

John J. McCarthy, of Hickory Hills, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

██ This is an appeal by defendant Maurice Korshak, a partner in the firm of Korshak & Korshak, from a judgment confessed on a judgment note executed on behalf of the partnership by defendant Sydney Korshak, partner and brother of Maurice. The complaint was entitled substantially as hereinabove shown and the judgment was confessed against the partnership in that style. The same caption should have been used in the briefs. Defendant-appellant Maurice Korshak, by using a caption which makes it appear that the suit was against the defendants as individuals, confuses the principal issues, which involve the application of the Partnership Act and the statutes relating to confession of judgment. The Illinois Civil Practice Act provides that a partnership may be sued either in the names of the partners as individuals doing business as the partnership, or in the firm name, or both. Ill Rev Stats c 110, § 27.1(1) (1963).

The note in question dated April 1, 1962, was for the sum of $19,000 and was given for services and material furnished the partnership. It was signed "Korshak & Korshak, partnership, by S. Korshak, copartner." It is not denied that this was a partnership engaged in the contracting business, and that the partnership was composed of Maurice and Sydney Korshak. The suit was filed on August 2, 1963, and a judgment was entered on August 6, 1963, upon confession by one James J. Mahoney, an attorney,

pursuant to the confession of judgment clause in the note.

On September 3, 1963, a motion was filed on behalf of Maurice to vacate the judgment, supported by his affidavit that he had been diligent in the preservation of his rights and had a good defense on the merits; that the partnership of Korshak & Korshak did not owe plaintiff the sum of $19,000 or any part thereof; that Sydney Korshak executed the judgment note, and that Sydney alone consented to the confession of judgment, without the signature, consent or approval of all the partners of said partnership, contrary to law; that he, Maurice, was a partner, and that he did not sign the judgment note nor did he consent to the execution thereof or to the confession against the firm or against himself individually, and that the judgment is invalid; that the execution of the note was without consideration; that he did not have notice of the judgment until August 16, 1963, when he read of it in a Chicago newspaper, whereupon he immediately consulted his attorney and took steps to vacate it.

The court treated the notice not as one to vacate, but as a motion to *open* the judgment, which was its true character, and on September 6, 1963, entered an order *opening the judgment,* granting Maurice five days to file his defense on the merits, and giving plaintiff five days thereafter to file his reply. This was in accordance with the provisions of Supreme Court Rule 23 (Ill Rev Stats c 110, § 101.23 (1963)) as follows:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 15 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's

demand, the court shall set the motion for hearing. The plaintiff may file counteraffidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer and any further pleadings which are required or permitted. . . . The issues of the case shall be tried by the court without a jury unless the defendant or the plaintiff demand a jury and pay the proper fee (if one is required by law) to the clerk at the time of the entry of the order opening the judgment. . . ."

 The distinction between a motion to vacate and a motion to open should be noted. A motion to vacate questions the jurisdiction of the court over the party or the subject matter. It is not necessary that the defendant show a meritorious defense to the claim. The only question is whether the judgment is void for want of jurisdiction, unless lack of jurisdiction is waived by the entry of a general appearance. Green v. Walsh, 5 Ill App2d 535, 126 NE2d 398; Goldberg v. Schroeder, 10 Ill App2d 186, 134 NE2d 615. A motion to open a judgment, on the other hand, is made for the purpose of allowing the defendant to present a defense on the merits. Supreme Court Rule 23, Ill Rev Stats c 110, § 101.23 (1963). All that is required on such a motion is that the defendant show that he has a meritorious defense and has been diligent in presenting it. If the court allows the motion, the case then proceeds to trial on the merits, as it did here.

Maurice did not stand on his motion as one to vacate and he made no objection to the order of the court opening the judgment. In fact, he accepted it, filed a defense and went to trial on the merits. This defense, sworn to by him, again sets forth that he did not sign the judgment note nor did he authorize or empower any other person to sign it; that Sydney signed it as a single partner on behalf of the partnership, without the knowledge, consent or approval of Maurice as a partner. Maurice, as a further defense, also averred that the judgment note was made without consideration, and that neither he nor the partnership owed the money sued on, *or any part thereof*. To this defense plaintiff filed a reply which admitted that Maurice did not sign the note, but averred that he authorized Sydney to sign it. It denied that the note was without consideration and averred that the money was due for labor and material furnished to the partnership. Maurice did not demand a jury trial, as he could have done under the Supreme Court Rule 23, supra. A hearing was had on the merits of the case on October 21, 1963.

The evidence on behalf of plaintiff revealed that at a meeting in the partnership office in April 1962, plaintiff demanded payment of the money due him from the partnership; that both Sydney and Maurice were present; that Sydney told plaintiff the partnership did not have the money; that they would give him a note; that Maurice handed the note to Sydney and Sydney signed it and gave it to the plaintiff. Present at the meeting besides those hereinbefore mentioned were Sydney's son Arnold, John Dondalski and John Curtin, contractors. They all testified for plaintiff and supported his case, except John Curtin, who did not testify, and Maurice, who testified on his own behalf. He denied that he had authorized execution of the confession of judgment note. His only testimony with respect to the merits of the claim here

involved was that he had met plaintiff on an occasion and had a conversation with him relative to finances, and that plaintiff did not ask him for *payment*. He testified that he asked plaintiff how much money he had coming out of the building, and plaintiff said about $3000. Maurice further testified:

> "I told him I thought all of his money had been paid out by the bank, that the payouts were from the bank. *I did not know of my own knowledge how much Mr. Murray had coming.* That is the only time I talked to Mr. Murray about his balance due on Sheridan Road.
>
> . . . . . .
>
> I heard the witnesses testify as to my presence . . . on the date the note was signed. I was not there. I did not authorize my brother to sign this note. I did not see my brother make out the note. I was not there at that time, so I could not see anything." (Emphasis added.)

Theodore Korshak, a brother of Maurice and Sydney, testified on Maurice's behalf, but he was not present at the meeting and knew nothing of the facts concerning Sydney's authority to sign the note. At the end of the testimony the trial court said:

> "Well, Gentlemen, you have four witnesses on one side who told one story under oath and one witness on the other side. If there is strife in this family which discounts Sydney's testimony and if we discount Arnold's testimony, we still have the testimony of Mr. Murray and Mr. Dondalski. There is no reason why the court should disbelieve them."

Thereupon the court entered the order denying the motion to vacate the judgment, and this appeal followed.

Five points are made in the brief filed by Maurice, as follows:

1. Judgment cannot be confessed without the signed authorization of the debtor, and a warrant to confess cannot be based on a fact which can only be established by testimony outside the written document required to be filed in order to enter a judgment by confession.

2. Judgment by confession is void as to Maurice because he did not sign the warrant to confess judgment.

3. The confession was signed by James Mahoney, but there is no evidence to show that Maurice authorized him to confess judgment.

4. The confession of James Mahoney is void because it is in conflict with the power of attorney as shown on the face of the warrant of attorney.

5. The judgment is void as to Maurice because there is a conflict with the power as shown on the face of the warrant of attorney.

██ The first point consists of two distinct parts: (a) that a judgment cannot be confessed without the signed authorization of the debtor; and (b) that such a confession cannot be based on a fact which can only be established by testimony outside the written documents required to be filed. With respect to (a) Maurice treats this as if there were no distinction between a suit against two or more individuals and a suit against a partnership. If the debtors were not partners, service of summons would have to be had on each, and each would have had to sign the confession of judgment. As hereinbefore stated, a partnership may be sued in the names of the partners as individuals doing business as the partnership, or in

126

the firm name, or both. Ill Rev Stats ch 110, § 27.1(1), (1963). Service may be had on any of the partners or on an agent of the partnership. Ill Rev Stats ch 110, § 13.4(1) (1963).

Further evidence of the distinct character of a partnership under our law is to be found in the chapter on judgments and executions (Ill Rev Stats c 77, § 1b (1963)) which provides that a judgment rendered against a partnership in its firm name shall support execution only against property of the partnership and shall not constitute a lien upon real estate other than that held in the firm name.

Our conclusion is that the partnership was the debtor on the note in the instant case, and the propriety of Sydney Korshak's signature is to be determined by the Uniform Partnership Act, Ill Rev Stats ch 106½, § 9 (1963). This provides that every partner is the agent of the partnership for the purpose of its business, and the act of every partner, including execution in the partnership name of any instrument for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership. There are, however, certain exceptions in the act, and one is that *unless authorized by the other partners,* or unless they have abandoned the business, a partner has no authority to confess a judgment. Ill Rev Stats ch 106½, § 9 (1963).

 The question, therefore, is whether Maurice authorized Sydney to sign the note. That was the issue presented to the trial court, and he decided that the preponderance of the evidence supported the plaintiff's case. There is no requirement in the statute that such authorization must be in writing. It is only with respect to limited partnerships that the statute specifically provides that the written consent of all the limited partners must be had. Ill Rev Stats ch 106½, § 52(1)(c) (1963). There is no contention that the

127

partnership in the instant case was a limited one. It is our conclusion that written authorization of a partner to sign a warrant to confess judgment on behalf of a partnership is not required (except as to limited partnerships) and that such authorization may be established, as it was in the instant case, by oral evidence.

In support of his argument under part (a), that a judgment cannot be confessed without the signed authorization of the debtor, the defendant-appellant cites two cases: March v. Cacioppo, 37 Ill App2d 235, 185 NE2d 397, and Wolf v. Gaines, 33 Ill App2d 428, 179 NE2d 466. The March case was a malicious prosecution suit brought by the lessees against a lessor for, among other things, confessing judgment on a lease *not signed by the lessees.* No question of partnership was involved. It relied on the Wolf case, where a lease with a confession of judgment clause was signed by one Dora Stokes. Subsequently a second instrument was signed by her and Daniel Gaines and another, which provided that it was to be attached to and made a part of the lease, and that all the signers were obligated to carry out the terms of the lease. The rent went unpaid, and the lessor confessed judgment against Gaines, *who had not signed the original lease* which contained the confession of judgment clause. No question of partnership was involved.

With respect to part (b) of Point 1, that a warrant to confess judgment cannot be based on a fact which can only be established by testimony outside the written documents required to be filed in order to enter up a judgment by confession, the defendant-appellant cites two cases: Weber v. Powers, 213 Ill 370, 72 NE 1070, and Brown v. Atwood, 200 Ill App 210. In Weber v. Powers, a landlord confessed judgment against a tenant under a lease which had expired, and the question presented was whether the tenant was holding over under the provisions of the old lease, includ-

128

ing the confession of judgment clause, or whether by the acts of the landlord or of both the landlord and the tenant a new tenancy had been created which did not include the confession of judgment clause. The court held this was a question of fact to be determined by the jury and that to try it upon a confession in a cognovit would be to deprive the defendant of his right to a trial by jury. The defendant in the case before us could, under the act now governing confession of judgment, have had a jury trial if he had demanded it at the time the court opened the judgment and set the case down for trial on its merits, as we have hereinbefore stated. In Brown v. Atwood, supra, the court stated the issue before it as follows (p 213):

> "This presents the question whether a valid power of attorney can exist to confess judgment on an award not yet rendered in a common-law arbitration proceeding."

The court held it could not because at the time the warrant to confess judgment was signed, the arbitrator had not made his decision and therefore there was no fixed sum due. Without a fixed sum, judgment could not be confessed. We see no applicability to the case at bar.

Point 2, which argues that the judgment is void as to Maurice because he did not sign a warrant to confess, has been fully answered by what we have heretofore said with respect to the nature of a confession of judgment proceeding against a partnership.

The third point, that there was nothing to show that Maurice authorized one James J. Mahoney, an attorney, to confess judgment, has no validity. The defendant-appellant appears to confuse the authority to execute a confession of judgment note with the authority of an attorney to appear in court on behalf

of the signer of the warrant of attorney and confess judgment. The real issue in the instant case, as we have hereinbefore said, is whether or not Maurice authorized Sydney to sign the warrant of attorney on behalf of the partnership. The trial court so found, and it therefore follows that James J. Mahoney, as an attorney, was authorized to appear in court to confess judgment against the partnership. The confession of judgment clause explicitly provides that any attorney may confess judgment on a note "against the undersigned," the "undersigned" being the partnership.

The fourth point made by Maurice is that the confession by James J. Mahoney is void because it is on behalf of Sydney and Maurice Korshak, d/b/a Korshak & Korshak, a business partnership, whereas the warrant of attorney is signed "Korshak & Korshak, partnership, by S. Korshak, co-partner." It is not denied that Maurice was a partner nor is it denied that the name of the firm is properly stated. We see no conflict between the warrant of attorney and the confession of judgment. There is now no distinction in law between these two methods of designating a partnership. Civil Practice Act, § 27.1(1) supra.

The fifth point made by Maurice is that the judgment is void because under the warrant of attorney, as in the preceding point, the signature to the warrant and the judgment are not the same. There is no conflict of substance, and the statute explicitly provides that a partnership may be sued in the style used in the instant case. While we are fully aware of the admonitions of the court, including our own, that documents in a confession of judgment proceeding must be strictly construed, we are of the opinion that there is no necessity in such documents for an allegation that one partner was authorized to confess judgment for the remaining partner or partners. More-

over, such admonitions have been directly aimed toward giving the defendant an opportunity to defend. The nonsigning partners are protected by the procedure required by Supreme Court Rule 23 where, in a motion to open a confession of judgment, they may show lack of authority as a defense. In the instant case the judgment was opened and a trial was had on the merits of the case. Defendant-appellant did not make this point, which is essentially one of pleading, before the trial, and he should not be allowed to make it now.

The relief Maurice seeks is a reversal. That would foreclose plaintiff from obtaining payment for material and services furnished the partnership. To remand would mean a retrial of the same issues that have already been tried without error. Defendant had a right at the time the court opened up the judgment and set the case for hearing to demand a jury, as we have hereinbefore said, and he chose not to exercise it. A fair trial was had on the merits and there would be no point in having another. The judgment is affirmed.

Judgment affirmed.

DEMPSEY and SULLIVAN, JJ., concur.