STAR FINANCE CORPORATION, Plaintiff-Appellee, *v.* SONIA McGEE, Defendant-Appellant.

(No. 58550;

First District (1st Division)—March 17, 1975.

John Elson, of Chicago, for appellant.

Jordan O. Simon, of Chicago, for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

The defendant, Sonia McGee, seeks a declaration that the Illinois confession of judgment statute (Ill. Rev. Stat. 1971, ch. 110, par. 50(3)) is unconstitutional. On April 29, 1970, she signed a retail installment contract which was on a printed form supplied by the seller and contained a cognovit clause which provided as follows:

> "The undersigned Buyer or Buyers, jointly and severally, hereby authorize irrevocably any Attorney of any Court of Record to appear for the undersigned and each or any of them in such Court, in term time or vacation, after default hereon and to confess a judgment without process in favor of the holder hereof for such amount as may appear unpaid hereon, together with costs of suit and 33% of such amount as attorneys' fees and to release and waive all errors that may intervene and consent to immediate execution thereon. Notwithstanding any provision hereof or of applicable law, holder irrevocably waives and releases all rights to make a judgment confessed hereon a lien on any real property now or

hereafter owned by Buyers or in which Buyers may now or hereafter have an interest."

The clause was in smaller type than most of the other provisions of the contract. The defendant signed three times, for an authorization to the seller to obtain credit life and credit disability insurance at prescribed rates, for the contract itself and for a wage assignment. The seller assigned the contract to the plaintiff, Star Finance Corporation, on May 7, 1970.

On September 21, 1970, the plaintiff filed its complaint for confession of judgment setting forth the amount of $460.32 as the principal amount and $76.50 for attorney's fees. Included in the $460.32 due is the entire amount of the finance charges, $111.45, and the entire amount of the insurance premiums, $18.87.

On June 5, 1972, the defendant received substituted service of a summons to confirm the judgment by confession. On July 6, 1972, through her attorney, she moved pursuant to Illinois Supreme Court Rule 276 (Ill. Rev. Stat. 1971, ch. 110A, par. 276) to open the judgment and to set down the case for trial. In her affidavit she stated:

"I have good and meritorious defenses to the claim against me, in that I have paid all the amounts legally owing on the transaction sued upon."

After the plaintiff opposed the motion, it was put on Judge Hermes' contested call. On September 21, 1972, the motion to open was denied. On October 11, 1972, the defendant moved to vacate the judgment on the ground that it "deprives her of the use of her property without due process of law * * *." In her affidavit she alleged as follows:

"I was unaware of the 'confession clause' in the contract on which this case is based, and did not understand its meaning, as I am not skilled in legal matters * * *. I lacked power to negotiate with Plaintiff about the 'confession clause' in the contract and didn't get anything in particular in return from Plaintiff for that clause."

That motion was denied on October 11, 1972. The defendant appeals from the order of October 11.

Her argument may be summarized: The Illinois confession of judgment statute (Ill. Rev. Stat. 1971, ch. 110, par. 50(3)) is unconstitutional because it does not provide for prejudgment notice and hearing to determine whether a debtor has voluntarily and knowingly waived the right to notice and hearing on the validity of the underlying claim. She relies principally on *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 31 L.Ed.2d 124, 92 S.Ct. 775, and *Swarb v. Lennox*, 405 U.S. 191, 31 L.Ed.2d 138, 92 S.Ct. 767.

We do not believe that either case supports the defendant's position here. In *Overmyer,* judgment was confessed and the debtor's post-judgment motion to vacate, based in part on constitutional grounds, was denied after a hearing in which both sides submitted affidavits. The United States Supreme Court affirmed the judgment, reasoning that the evidence showed two corporate parties of equal bargaining power represented by counsel; that the debtor received "substantial benefits and consideration" in return for the cognovit provisions; and that the debtor voluntarily, intelligently and knowingly waived the right to prejudgment notice and hearing with full awareness of the legal consequences. The court added comments that the cognovit clause was not, per se, unconstitutional and "may well serve a proper and useful purpose in the commercial world and at the same time not be vulnerable to constitutional attack"; that "where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue"; and that the debtor was not rendered defenseless because of its execution of the cognovit since the trial court could vacate the judgment on a showing of a valid defense. 405 U.S. 174, 186-188.

In *Swarb,* the plaintiffs who had signed cognovit notes sued in the Federal Court for a declaration that the Pennsylvania statute covering confessions of judgments was unconstitutional. A majority of a three-judge district court held that the statute was unconstitutional only as to certain members of the plaintiff class; one judge held it unconstitutional as to all; and the plaintiffs appealed. Since the defendants did not cross-appeal, the Supreme Court affirmed that part of the judgment holding the statute unconstitutional as to a limited number of the class but the court pointedly added that the affirmance did not mean that the district court's opinion and judgment were approved as to the aspects and details that were not before the Supreme Court. The court also referred to *Overmyer,* which it decided the same day, and held that it would not determine what impact *Overmyer* had on the Pennsylvania system on the basis of the one-sided appeal.

■■ Before *Overmyer* and *Swarb* were decided, the Illinois Supreme Court passed on *First National Bank v. Keisman,* 47 Ill.2d 364, 265 N.E. 2d 662, wherein the defendants urged the court to declare judgments by confession unconstitutional. The court upheld the statute and reasoned precisely as the United States Supreme Court did later in *Overmyer* (47 Ill.2d 464, 366-367):

> "No precedent has been cited by defendants on the precise point which they pose. There is no question, as conceded by defendants, that constitutional rights may be waived if done so

intelligently and knowingly, and this includes a waiver of notice in advance. We find no constitutional objection to confession of judgment *per se*. In a particular case there may be reasons for setting aside a judgment entered by confession. This case concerns two apparently knowledgeable businessmen and a lawyer negotiating an ordinary business loan from a bank for the purpose of purchasing equipment for their publishing firm. There is nothing in the record to indicate that these men were naive, that they were imposed upon by the lender, or that they did not knowingly and intelligently waive notice and agree to entry of judgment against them as security for the loan they sought."

We believe, therefore, that *Overmyer* and *Keisman* provide ample authority for a holding that the Illinois confession of judgment statute is not unconstitutional on its face.

The defendant has submitted no authority for a requirement that a judicial inquiry be made to determine the voluntariness of waiver *before* judgment. Two of the principal cases relied on by the defendant are factually inapposite. *Fuentes v. Shevin*, 407 U.S. 67, 32 L.Ed.2d 556, 92 S.Ct. 1983, invalidated a replevin statute which permitted seizure of property before a hearing; and in *Armstrong v. Manzo*, 380 U.S. 545, 14 L.Ed.2d 62, 85 S.Ct. 1187, an adoption decree was reversed because the father, whose whereabouts were known, was not given notice of the proceedings.

As pointed out in *Overmyer*, the debtor is not defenseless. The rule dealing with opening judgments by confession (Ill. Rev. Stat. 1971, ch. 110A, par. 276) provides expressly only that the motion disclose a prima facie defense on the merits and is silent as to any other objections available to a debtor. But a motion to vacate is available to question the jurisdiction of the court over the party, and it need not show a meritorious defense to the claim. (*Murray v. Korshak*, 52 Ill.App.2d 119, 123, 201 N.E.2d 737.) Pleadings should be liberally construed with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1973, ch. 110, par. 33(3).) When confronted with motions raising constitutional questions, the trial court need not be diverted by the title of the motion. *People ex rel. Lewis v. Frye*, 42 Ill.2d 58, 245 N.E.2d 483.

■■ The issue, therefore, boils down to whether facts were before the trial court on the motion to vacate that would compel the conclusion that the defendant had not knowingly waived her right to pretrial notice. No testimony was heard at the hearing because the court indicated that it had already denied a previous motion to vacate and that this one was on "technical grounds." The plaintiff's attorney filed no response to the motion and said only that it should be denied. As noted in *Overmyer*,

whether the contract is one of "adhesion" is an important fact militating against a voluntary waiver by a debtor. A contract of adhesion is described as "a standardized contract prepared entirely by one party, and which, due to the disparity in bargaining power between the draftsman and the second party, must be accepted or rejected by the second party on a 'take it or leave it' basis without opportunity for bargaining and under such conditions that the second party or 'adherer' cannot obtain the desired product or service save by acquiescing in the form of the agreement." *Walnut Creek Pipe Distributors, Inc. v. Gates Rubber Co.* (1964), 228 Cal. App. 2d 810, 39 Cal. Rptr. 767, 771; see also 17 C.J.S. *Contracts* § 10a (1963).

■■ Whether a contract is one of adhesion is itself a question of fact and the record before us would not justify a conclusion either way. But the contract is on a standardized form prepared by the seller. The defendant's affidavit, which was uncontradicted, alleged that she was unaware of the "confession clause" and did not understand its meaning. If that be so, she could not intelligently and knowingly waive her right to pretrial notice. Consequently, the court should not have denied the motion to vacate without an evidentiary hearing.

The plaintiff has not answered any of the arguments of the defendant contesting the constitutionality of the confession of judgment statute but, rather, relies on procedural objections. It first contends that since the defendant took no appeal from the order of September 1, 1972, denying the motion to open, the order is res judicata. The plaintiff's argument rises or falls on the validity of its assertion that the subject matter of the motion to open and that of the motion to vacate are identical. They are not. *Murray v. Korshak*, 52 Ill.App.2d 119, 123, 201 N.E.2d 737.

■■ The plaintiff next asserts the motion to vacate was properly denied because it was not timely filed because 4 months elapsed between the time the defendant received notice of the judgment and the filing of the motion to vacate. The plaintiff made no issue of due diligence in the trial court. Consequently, the trial court never had an opportunity to pass on the question. Therefore, we deem the question of diligence waived. *Storm v. Ben-Lee Motor Service Co.*, 11 Ill.App.3d 516, 519, 298 N.E.2d 315.

The plaintiff next contends that the trial court did not pass on the constitutional question and, therefore, the question was not preserved for review. The record shows otherwise. The order entered, by express terms, held that the motion to vacate on the ground of unconstitutionality was denied.

■■ The plaintiff also contends that the appeal must fall because the notice of appeal did not specify that a constitutional question was in-

volved. Neither Supreme Court Rule 303(c)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(c)(1)) nor the cases cited by the plaintiff support this argument. We judge the notice of appeal was sufficient. See *People ex rel. Pickerill v. New York Central R.R. Co.*, 391 Ill. 377, 380, 63 N.E.2d 2d 405.

■■ The last argument raised by the plaintiff is that, in an appeal from a State judgment, the United States Supreme Court will not pass on a Federal constitutional question unless it has been passed on by the State courts. We have no quarrel with the argument but fail to see its applicaability here.

For these reasons the judgment of the Circuit Court of Cook County is reversed and the cause remanded with directions to permit the plaintiff to file a response to the motion to vacate and to proceed in a manner not inconsistent with the views expressed in this opinion.

Judgment reversed and cause remanded with directions.

GOLDBERG and HALLETT, JJ., concur.