**FIRST MERCANTILE CO., Assignee of Home Fair, Inc., Plaintiff,**

**v.**

**George BITTNER and Edna Bittner, Defendants.**

Superior Court of Delaware, Kent.

April 2, 1975.

A. Richard Barros, of Brown, Shiels & Barros, Dover, for plaintiff.

Myron T. Steele, of Prickett, Ward, Burt & Sanders, Dover, for defendants.

## OPINION ON MOTION OF DEFENDANTS TO VACATE OR FOR RELIEF FROM JUDGMENT

TAYLOR, Judge.

Plaintiff entered judgment against defendants in 1968 pursuant to warrant of attorney provision in a note executed by defendants. Defendants were not notified of the entry of judgment, and plaintiff took no action to recover on the judgment. Defendants first learned of the judgment upon having a lien search made in early 1974. They filed this action to vacate the judgment or for relief from the judgment pursuant to Rule 60(b).

There are various fact issues in dispute between the parties which would need to be resolved after hearing if the Court determines that there is a sufficient basis to proceed that far.

At the outset, it should be noted that the judgment was entered in 1968 pursuant to 10 Del.C. § 2306 and Rule 58(b) of the Civil Rules of this Court, as the statute and rule then existed. Thereafter, United States District Court for the District of Delaware, in Osmond v. Spence, D.Del., 327 F.Supp. 1349 (1971), considered the validity of the above statute and held that that statute in its then-form was unconstitutional and void. In a supplementary opinion, Osmond v. Spence, D.Del., 359 F. Supp. 124 (1972), the Court restated (at page 127) its holding that 10 Del.C. § 2306

in its pre-1971 form was unconstitutional "insofar as it permitted the entry of judgments on cognovit notes prior to a hearing on the issue of whether the debtor had effectively waived his due process rights by executing the note." The Court then held that the opinion did not render all judgments entered prior to that opinion "per se unconstitutional and void". Addressing itself to the judgments entered prior to the first decision in *Osmond*, the Court stated that the requirement is "only that before an execution is issued, or upon application by a judgment debtor, the judgment creditors be required to establish that the individual against whom the judgment on a cognovit note was entered effectively waived his constitutional rights by executing the note."

 Plaintiff argues that since 10 Del.C. § 2306 and Rule 58C of the Civil Rules of this Court in their present form only provide for a hearing prior to execution upon a pre-1971 judgment,[1] defendants are not entitled to relief at this time because plaintiff has not sought execution. This ignores the fact that in dealing with the problem of the retroactive effect of its decision in *Osmond*, the District Court contemplated two alternative conditions under which the validity of the waiver would be adjudicated. One is prior to any execution on the judgment. The other is upon application by a judgment debtor. While the District Court left the previously entered cognovit judgments standing as long as they remained quiescent, it is clear that that Court contemplated that there must be a subsequent determination of the issue of the validity of the waiver. Since this determination is a right of the debtor, no valid reason is apparent for depriving the debtor of the opportunity to initiate proceedings for that determination.[2] The existence of a judgment may be of concern

to the person against whom it lies because the judgment constitutes a continuing lien on his real property and it may have an effect upon his credit rating. I conclude that under *Osmond*, defendants are entitled on their own initiative to a hearing on that issue. Their motion will be treated as such an application.

In view of the above holding, it is unnecessary to consider whether sufficient grounds have been asserted for vacating the judgment or for obtaining relief from its effect under the grounds contemplated by Rule 60(b).

Accordingly, the matter will be set down for a hearing on the issue of whether defendants effectively waived their constitutional rights by executing the note.

It is so ordered.

---

1. The critical date is July 9, 1971.

2. The amended version of 10 Del.C. § 2306 deals only with the requirement that the opportunity for a hearing must be afforded a debtor against whom a pre-1971 judgment has

been entered before execution can be taken. It does not preclude the possibility of an application for such hearing by the judgment debtor where no execution has been initiated by the judgment holder.