Maxine GIFFORD, dba The Closet,
Appellant (Defendant),

v.

CASPER NEON SIGN CO., INC., a
Wyoming corporation,
Appellee (Plaintiff).

No. 5534.

Supreme Court of Wyoming.

Feb. 8, 1982.

Michael K. Shoumaker of Badley, Rasmussen & Shoumaker, Sheridan, for appellant.

John Burk and Cherie Shelton Norman, Casper, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

THOMAS, Justice.

The issue to be resolved in this case is the nature of the showing of a meritorious defense which must be made under Rule 60(b), W.R.C.P.,[1] in order to obtain relief

---

1. Rule 60(b), W.R.C.P., provides as follows:

"(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* —On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judg-

ment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment,

from a judgment based upon a cognovit clause in a contract. The district court held that the appellant failed to make a sufficient showing. Under our previously articulated requirements for review of an order denying relief under Rule 60(b), we consider only whether the district court committed an abuse of discretion. We shall hold that in the circumstances of this case there was an abuse of discretion, and we shall reverse the district court.

This case is before us for a second time. The essential facts are set forth in *Gifford v. Casper Neon Sign Co.*, Wyo., 618 P.2d 547 (1980), and they need be summarized only briefly here. The appellant, Maxine Gifford, did enter into a contract with the Casper Neon Sign Company. The contract required monthly payments for a period of five years; and the appellee, Casper Neon Sign Company, Inc., agreed to furnish a sign during that period. Upon default, payments under the lease were accelerated, and the lease contained a cognovit provision which reads as follows:

"In the event of any breach of this Lease Agreement by him, Lessee and each of them, hereby authorize and empower any attorney at law to appear for them or any of them, before any court of competent jurisdiction, whether or not said court is a court of record, within the State of Wyoming, or elsewhere and the Lessee, and each of them, thereby expressly waive the issuance and service of process and authorize any attorney at law duly admitted to practice before said court to confess judgment against them, or all or any of them, in favor of the Lessor, for the amount then unpaid, including attorneys fees and all other expenses therein provided for, and to release all error and waive all right and benefit of an appeal on behalf of the Lessee and to consent to the immediate issuance of execution. The venue of any said suit or action may,

at the option of the Lessor, be laid in Natrona County, State of Wyoming."

Relying upon this provision, the appellee obtained a judgment against the appellant in the amount of $4,678.06, which included $750.00 in attorney's fees.

In our earlier case the appellant here appealed from that judgment, urging the unconstitutionality of the cognovit provision in the lease. We there held that there was no constitutional infirmity manifested by the record with respect to the cognovit provision in the lease, and the judgment was affirmed except for that portion relating to attorneys' fees. This court remanded the case to the district court with instructions that it was necessary for the appellee to establish the attorneys' fees and the reasonableness of those fees by appropriate evidence. Relying upon our earlier decision in *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119 (1964), we did indicate that the appellant had an avenue for relief in pursuing a motion under Rule 60(b), W.R. C.P., to reopen the judgment.

After this court's opinion in the prior case was filed the appellant did file a Motion to Vacate the Judgment. This motion was filed pursuant to Rule 60(b), W.R.C.P., and the grounds for relief there set forth were stated as follows:

"1. That it is unconstitutional under the Federal Constitution—Fourth Amendment

"2. That it is unconstitutional under the Constitution of the State of Wyoming, Article I, Section 8 and Article I, Section 6

"3. That a contract providing Confession of Judgment is unconscionable

"4. That the court lacked jurisdiction"

At the same time there was filed the original of an Affidavit by the appellant reciting as follows:

order, or proceeding as provided in sections 3–3801 [§ 1–16–401], 3–3805 [repealed, § 1, ch. 188, Laws 1977], and 3–3810 [§ 1–16–408], W.C.S. 1945, or to grant relief to a party against whom a judgment or order has been rendered without other service than by publication as provided in section 3–3802 [§ 1–16–

402], as amended. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

"I, Maxine Gifford being first duly sworn do depose and say:

"1. That I am a resident of Sheridan County, Wyoming.

"2. That I have a high school education and I am a hairdresser as a profession.

"3. That on September 9, 1976, I signed a contract with Casper Neon Sign Co. None of the provisions related to a Confession of Judgment were explained or understood by me. (See a copy of the contract attached hereto and incorporated by reference).

"4. That I have substantive counterclaim because Casper Neon Sign Company would not keep the sign in working order. This matter was being negotiated in 1979 by my attorney, Bruce Badley, who corresponded with Casper Sign Company.

"5. That I was unaware of any lawsuit until May 22, 1980, when my attorneys received a copy of the Judgment.

"6. That at no time did I knowingly waive my rights to a hearing or to assert my counterclaim."

In addition the appellant filed a memorandum of law in support of the Motion to Vacate Judgment.

After the case had been remanded to it the district court held a hearing upon the motion to reopen the judgment which had been submitted by the appellant, and at that hearing it also heard evidence with respect to the attorneys' fees. Insofar as is pertinent, the decision letter of the district court which is in the file states with respect to the issues posed by this appeal:

"Defendant has now moved under 60(b) with defendant's own affidavit in support, and submits an argument on unconstitutionality and unconscionability.

"The Court concludes that the requirements of 60(b) for setting aside judgment are not met. Practice, primarily federal, requires a showing of meritorious defense, strongly suggesting movant should set forth the pleading he would serve if permitted.

"In this case the proposed defense (or counterclaim) is merely suggested in broad terms: affidavit, paragraph 4 '. . . I have substantive counterclaim because Casper Neon Sign Company would not keep the sign in working order'. No demand on defendant, nor plaintiff response is shown, nor whether prolonged default preceded or accompanied the alleged lack of maintenance. There is of course no formal pleading set out. I concluded this does not constitute meritorious defense shown. Motion denied.

"The Court regards the showing attempted by defendant as insufficient to establish a possibility of unconstitutionality or unconscionability, but more fundamentally, these issues are not reached since the application to reopen under 60(b) is denied."

Thereafter the court entered its Order, which denied the Motion to Vacate Judgment, and entered an Amended Judgment with respect to attorneys' fees, which Amended Judgment was in favor of the appellee and against the appellant for the debt due under the contract, including adjusted attorneys' fees. This judgment continues, of course, to be premised upon the cognovit clause in the contract.

The appellant manifests a dedicated commitment to establishing the unconstitutionality of the cognovit provision in the lease. Because of her approach we are not persuaded that appellant heard, and if she did hear she apparently has chosen not to heed what this court said previously with respect to the constitutional issue. The appellant's statement of the issues on appeal is as follows:

"I. STATE ACTION TO ENFORE [sic] A COGNOVIT PROVISION IS UNCONSTITUTIONAL IN CIRCUMSTANCES SIMILAR TO MRS. GIFFORD'S BECAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

"II. STATE ACTION TO ENFORCE A COGNOVIT PROVISION UNDER THE CIRCUMSTANCES OF THIS CASE ARE [sic] UNCONSTITUTIONAL.

"A. Enforcement Of This Cognovit Contract Violates Article 1, Section 6 of the Wyoming Constitution

"B. Enforcement Of This Cognovit Contract Violates Article 1, Section 8 of the Wyoming Constitution

"III. THE CONTRACT PROVISIONS CONCERNING CONFESSION OF JUDGMENT AND CHANGE OF VENUE ARE UNCONSCIONABLE."

Appellee makes the following statement of the issues:

"I. The trial court did not abuse its discretion in denying the appellant's Rule 60(b) Motion.

"II. The Fourteenth Amendment to the United States Constitution does not preclude state action to enforce a cognovit provision under the facts presented.

"III. The Wyoming Constitution does not preclude the enforcement of cognovit provision under the facts presented.

"A. Enforcement of the cognovit provision does not violate Article 1, Section 6 of the Wyoming Constitution.

"B. Enforcement of the cognovit provision does not violate Article 1, Section 8 of the Wyoming Constitution.

"IV. The contract provision concerning confession of judgment and change of venue are [sic] not unconscionable."

We note that it is only the appellee that raises the question of abuse of discretion by the trial court in denying the motion submitted pursuant to Rule 60(b), W.R.C.P. Nevertheless, we shall consider what showing must be made of a meritorious defense in order to demonstrate an entitlement to relief from a cognovit judgment under Rule 60(b), W.R.C.P. We shall do this in the context of an abuse of discretion by the trial judge.

It must be remembered that the issue in an appeal from an order denying relief under Rule 60(b), W.R.C.P., is rather severely limited. *Paul v. Paul*, Wyo., 631 P.2d 1060 (1981); *McBride v. McBride*, Wyo., 598 P.2d 814; *Atkins v. Household Finance Corporation of Casper, Wyoming*, Wyo., 581 P.2d 193 (1978); *Martellaro v. Sailors*, Wyo., 515 P.2d 974 (1973); *Turnbough v. Campbell County Memorial Hospital*, Wyo., 499 P.2d 595 (1972); and *Kennedy v. Kennedy*, Wyo., 483 P.2d 516 (1971). In *McBride v. McBride*, supra, at 816, the court described the limitations upon the appeal in this language:

" * * * An order denying relief under our Rule 60(b) is appealable, but proceeding under the rule is not to be regarded as a substitute for an appeal. Since the granting of relief pursuant to that rule is a matter of the exercise of discretion by the trial court, on review the appellate court is limited to the question of whether there has occurred an abuse of the trial court's discretion. It was the Appellant's burden before the trial court to bring her cause within the claimed grounds for relief and to substantiate by adequate proof the grounds that she claimed for relief. The rule applies to special situations justifying extraordinary relief, but a showing of such exceptional circumstances should be made. A reversal of an order denying relief under Rule 60(b) will be ordered only if the trial court clearly was wrong."

While describing the justification for relief from a cognovit judgment pursuant to Rule 60(b), W.R.C.P., this court has not treated definitively with the manner in which the ground for relief should be articulated. A rather perceptive statement of the approach of the federal courts is included in *Trueblood v. Grayson Shops of Tennessee, Inc.*, 32 F.R.D. 190, 196 (E.D.Va. 1963), in which the court states:

" * * * Just as there are few guideposts as to what constitutes excusable neglect or inadvertence in any given case, there is no universally accepted standard among courts as to what satisfies the requirement that a party show a meritorious defense. Roughly the cases fall into three categories. Some courts have insisted upon a specific recitation of facts in the motion, answer or affidavit which, if proven, would constitute a meritorious defense. *Atlantic Dredging & Constr. Co. v. Nashville Bridge Co.*, 5 Cir., 57 F.2d 519; *Federal Enterprises v. Frank Allbritten Motors*, supra [16 F.R.D. 109 (D.C., W.D.Mo.1954)]; *Koen v. Beardley*,

supra [63 F.2d 595 (10 Cir. 1933)]; *Bowles v. Branick,* supra [66 F.Supp. 557 (D.C., W.D.Mo.1946)]; *Matheson v. National Surety Co.,* 9 Cir., 69 F.2d 914; *Sebastiano v. United States,* D.C., 103 F.Supp. 278, aff'd. 6 Cir., 195 F.2d 184; *Elias v. Pitucci,* D.C., 13 F.R.D. 13. Another approach to the problem is that group of cases which accepts allegations, conclusions and even denials in the moving party's motion or supporting affidavit. *Tozer v. Krause Milling Co.,* 3 Cir., 189 F.2d 242; *Ellington v. Milne,* supra [14 F.R.D. 241 (D.C., E.D.No.Car.1953)]; *Dalminter, Inc. v. Jessie Edwards, Inc.,* D.C., 27 F.R.D. 491; *Chapman v. Dreer,* supra [14 F.R.D. 218 (D.C., E.D.Pa.1953)]; *Barber v. Turberville,* 94 U.S.App.D.C. 335, 218 F.2d 34. Finally, the courts have treated oral statements, affidavits *or the court's own assumption* as sufficient indication of the existence of a meritorious defense. *Ledwith v. Storkan,* supra [2 F.R.D. 539 (D.C.Nebr.1942)]; *Alopari v. O'Leary,* D.C., 154 F.Supp. 78; *Huntington Cab Co. v. American Fidelity & Cas. Co.,* D.C., 4 F.R.D. 496; *Standard Grate Bar Co. v. Defense Plant Corp.,* D.C., 3 F.R.D. 371. These latter cases reflect that the trial courts are permitted a great deal of latitude in exercising their discretion as to what constitutes a showing of meritorious defense." (Emphasis in original.)

Of course the rule promulgated in *Westring v. Cheyenne National Bank,* supra, depends upon a meritorious defense being shown. In the course of that opinion this court relied upon the earlier case of *Lake v. Lake,* 63 Wyo. 375, 182 P.2d 824 (1947), in pointing out that default judgments are not favored and that courts prefer that cases be tried upon the merits. Without receding from that position in any way, we recognize the futility in trying a case which is without merit in terms of any viable defense.

We are cognizant of the view expressed by the Supreme Court of the United States in *D. H. Overmyer Co., Inc. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), to the effect that cognovit judgments under certain different circumstances from those present before the court could offend against the Fourteenth Amendment to the Constitution of the United States. Other cases have indicated that constitutionality may depend upon the facts and circumstances present in each case. *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972) reh. denied 405 U.S. 1049, 92 S.Ct. 1303, 31 L.Ed.2d 592; *Isbell v. County of Sonoma,* 21 Cal.3d 61, 145 Cal.Rptr. 368, 577 P.2d 188 (1978), cert. denied as out of time, 439 U.S. 996, 99 S.Ct. 597, 58 L.Ed.2d 669 (1978); *First Mercantile Co. v. Bittner,* Del.Super., 337 A.2d 321 (1975); *Star Finance Corporation v. McGee,* 27 Ill.App.3d 421, 326 N.E.2d 518 (1975); *Miles v. N. J. Motors,* 32 Ohio App.2d 350, 291 N.E.2d 758 (1972); *Egyptian Sands Real Estate, Inc. v. Polony,* 222 Pa.Super. 315, 294 A.2d 799 (1972); *Meier v. Purdun,* 94 Wis.2d 558, 288 N.W.2d 839 (1980).

It well may be that this spectre of unconstitutionality should be identified as one of the exceptional circumstances to be considered with respect to granting relief under Rule 60(b), W.R.C.P. Certainly it militates in favor of a statement adopted by this court in *Lake v. Lake,* supra, from language in 1 Freeman on Judgments, § 292, p. 580, as follows:

" * * * It is generally recognized that the discretionary power of the court should be liberally exercised in furtherance of justice, to the end that cases may be disposed of upon their merits rather than upon technicalities or fortuitous circumstances. * * * " *Lake v. Lake,* 63 Wyo. 375, 182 P.2d 824, 834 (1947).

We therefore hold that in any instance in which a cognovit judgment has been entered and relief is sought of the trial court pursuant to Rule 60(b), W.R.C.P., the trial court should grant the motion if there is any statement presented by the moving party from which the court could infer the existence of a meritorious defense. The court should assume that the evidence would substantiate the statement made. We find here a claim made by the appellant of unconscionability, and also a claim of nonperformance by the appellee. If the

evidence should establish either of those claims the meritorious defense upon which the appellant seeks to have the matter tried would be present. We previously have noted that "an abuse of discretion has been said to mean an error of law committed by the court under the circumstances." *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980). This is what we find to have occurred in this instance. Given all the circumstances the district court committed an error of law in not relieving the appellant from the judgment entered pursuant to the cognovit clause in the lease and then affording her an opportunity to file an answer placing at issue the defenses which the appellant claims to be tried upon the merits.

■ We do not consider the constitutional issue specifically in this instance because the matter was not ruled upon by the trial court. *Gifford v. Casper Neon Sign Co., Inc.*, supra; *Nehring v. Russell*, Wyo., 582 P.2d 67 (1978); *Marion v. City of Lander*, Wyo., 394 P.2d 910, cert. denied 380 U.S. 925, 85 S.Ct. 929, 13 L.Ed.2d 810, reh. denied 380 U.S. 989, 85 S.Ct. 1352, 14 L.Ed.2d 283 (1964). Nevertheless because the appellant is so seriously committed to testing the constitutionality of a cognovit judgment in Wyoming, we remind the appellant that in *Gifford v. Casper Neon Sign Co., Inc.*, supra, we held that a cognovit judgment is not per se violative of the Fourteenth Amendment to the Constitution of the United States or §§ 6 and 8 of Art. 1 of the Constitution of the State of Wyoming. This is so because a defendant against whom a cognovit judgment is obtained has a remedy under Rule 60(b), W.R.C.P. *Gifford v. Casper Neon Sign Co., Inc.*, supra; *Westring v. Cheyenne National Bank*, supra. The constitutional concerns revolve essentially around the right of a party to notice and hearing prior to judgment. If a motion is presented pursuant to Rule 60(b),

W.R.C.P., the party moving has notice of the claim upon which the cognovit judgment was based. The right to a hearing is secured by the procedure under Rule 60(b), W.R.C.P., which as we have construed it in this case and others provides for relief to the moving party subject only to the condition that a meritorious defense be presented. If the meritorious defense is articulated in any manner it is an abuse of discretion for the trial court to refuse to grant relief from a cognovit judgment, and it follows that relief would be denied only in those cases in which the moving party could not or perchance would not articulate its defense to the claim upon which the cognovit judgment was entered. The moving party's failure to articulate the defense is subject to the inference that the moving party has no defense, and under those circumstances the imposition upon the judicial process can be weighed against the constitutional requirements and the scales balanced favorably in terms of an exercise of discretion which refuses to set aside the judgment.

The judgment of the district court is reversed, and the case is remanded for further proceedings in accordance with this opinion.