BOATMEN'S NATIONAL BANK OF BELLEVILLE, Plaintiff-Appellee, v. IVADELL BENTON *et al.*, Defendants-Appellants.

Fifth District   No. 5—90—0349

Opinion filed August 27, 1991.—Rehearing denied October 4, 1991.

Melvin W. Trotier, of Belleville, for appellants.

Steven M. Wallace, of Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, of East St. Louis, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On September 24, 1986, defendants, Ivadell Benton and Sarah Benton-Leavitt, entered into a contract of guaranty with plaintiff, Boatmen's National Bank of Belleville. This instrument, denominated as a "continuing, absolute, unconditional guarantee," was given in consideration of any credits or advances to be made to "The Cowboy Shop." The contract provided in part:

"This guaranty is absolute and is not affected by any failure of the bank to give notice of default on the part of the borrower, nor by extensions granted to said borrower, nor by any acts or omissions whatsoever by the bank relative to the indebtedness of the borrower or any of the undersigned or any collateral that may be secured therefore. Notice of the acceptance of this guaranty by the bank is hereby waived by the undersigned."

The Cowboy Shop defaulted on its loans, and on September 30, 1988, Boatmen's sued defendants to recover the balance due on the loans plus interest, costs, and attorney fees. Defendants filed their answers on October 28, 1988. Plaintiff filed its motion for summary judgment on September 14, 1989. On December 15, 1989, defendants filed a motion to amend their answers and countercomplaints and filed an answer to plaintiff's motion for summary judgment. A hearing was held on February 7, 1990, and on February 26, 1990, the trial court denied defendants' motions to amend their answers and their countercomplaints and granted plaintiff's motion for summary judgment. The trial court based its decision to grant plaintiff's motion on the guaranty contract executed by the parties. The court entered judgment in favor of plaintiff in the amount of $58,151.45. Defendants filed a motion to vacate the trial court's order on March 5, 1990, which was denied on May 5, 1990. Defendants then filed a timely notice of appeal. We note at the outset that a motion to strike defendants' brief was taken with the case. Defendants' brief contains numerous factual assertions which are not contained in the record. While we do not approve of this procedure, we shall, nevertheless, deny the motion to strike defendants' brief and address defendants' contentions.

Defendants argue on appeal that the trial court erred when it entered summary judgment for plaintiff because the guaranty contract was unenforceable. While defendants also appeal the denial of their motions to amend their answer and countercomplaint, they state in their brief that if the trial court's decision to enter summary judgment in favor of plaintiff based upon the guaranty contract was proper, it would render these issues moot. We agree, and because we affirm the trial court, we shall address only defendants' contention regarding the enforceability of the guaranty contract.

■ Defendants contend that the guaranty contract is unenforceable because it is ambiguous and overly broad and amounts to an adhesion contract. We disagree.

In *Du Quoin State Bank v. Daulby* (1983), 115 Ill. App. 3d 183, 450 N.E.2d 347, we stated:

"The rules of construction applicable to contracts generally also apply to contracts of guaranty [citation], and *if such a contract is unambiguous, it must be enforced as written. [Citations.] These principles apply even in cases such as this where the guaranty agreement contains broad statements of guarantor liability.*" (Emphasis added.) (*Du Quoin State Bank*, 115 Ill. App. 3d at 185-86, 450 N.E.2d at 349.)

(See also *Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 407 N.E.2d 1102; *Jacobson v. Devon Bank* (1976), 39 Ill. App. 3d 1053, 351 N.E.2d 254.) We conclude that the guaranty contract relied upon by the trial court is neither ambiguous nor overly broad.

■ Defendants also claim the guaranty contract is unenforceable because it is an adhesion contract. A contract of adhesion has been described as

" 'a standardized contract prepared entirely by one party, and which, due to the disparity in bargaining power between the draftsman and the second party, must be accepted or rejected by the second party on a "take it or leave it" basis without opportunity for bargaining and under such conditions that the second party or "adherer" cannot obtain the desired product or service save by acquiescing in the form of the agreement.' " (*Star Finance Corp. v. McGee* (1975), 27 Ill. App. 3d 421, 426, 326 N.E.2d 518, 522, quoting *Walnut Creek Pipe Distributors, Inc. v. Gates Rubber Co.* (1964), 228 Cal. App. 2d 810, 814-15, 39 Cal. Rptr. 767, 771.)

The court continued: "Whether a contract is one of adhesion is itself a question of fact ***." (*Star Finance Corp.*, 27 Ill. App. 3d at 426, 326 N.E.2d at 522.) While defendants argue that there was a disparity in bargaining power between the parties, that the contract was offered on a "take it or leave it" basis without the opportunity for bargaining, and that they could not obtain the service provided by plaintiff elsewhere, their affidavits filed in response to plaintiff's motion for summary judgment contained no statements which would support these arguments. In the absence of any evidence to support their contention that the bank's standard form agreement was one of adhesion, the trial court did not err in granting summary judgment to the plaintiff.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.