**Teresa BAEZ, Individually and as next friend of Francisco Baez, Jr., Plaintiff-Appellee,**

v.

**S. S. KRESGE COMPANY, Defendant-Appellant.**

**No. 74–3807 Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 2, 1975.

Rehearing Denied Nov. 6, 1975.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

William C. Dudley, Robert A. Skipworth, El Paso, Tex., for defendant-appellant.

Ramon Ramos, Jr., El Paso, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Baez, a Texas citizen, sued S. S. Kresge Co., a Michigan Corporation, in the Western District of Texas, alleging various tortiously caused injuries. Kresge's registered agent was served and mailed the papers to Kresge's Michigan home office. The home office, in turn, mailed the papers back to Texas so local counsel could conduct the litigation. It was one mailing too many, as the papers were lost until it was too late to prevent entry of a default judgment for Baez. Since finally recovering the papers, Kresge has done everything it can to get the judgment withdrawn, but we sustain the District Court's refusal to do so.[1]

■ First, Kresge argues it was entitled to notice before the judgment was entered, because it had "appeared" in the case. F.R.Civ.P. 55(b)(2). H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 1970, 139 U.S.App.D.C. 256, 432 F.2d 689, is cited for the proposition, which we might accept, that a 55(b)(2) "appearance" need not have been a formal Court appearance. In that case, however, the "appearance" was *responsive* to a formal action on plaintiff's part—namely, filing the complaint. Kresge would have us extend the rule to *any* case in which plaintiff knew defendant planned to contest the suit. We decline to do that, and hold—at least—that a 55(b)(2) "appearance" must be responsive to plaintiff's formal Court action.

■ Second, we are urged to overturn the District Court's declination to relieve Kresge under F.R.Civ.P. 60(b). Kresge argues it is entitled to relief under subparagraph (6), but we disagree. Because the Postal Service—not Kresge—was responsible, it says, that provision should be invoked. But that ignores the fact that both Kresge's registered agent, and its home office, possessed the papers in ample time to prevent its own injury. The Postal Service, therefore, cannot be burdened with the full blame. We think rather minimal internal procedural safeguards could and should have been established which would have prevented this loss.

■ Since Kresge's neglect was at least a partial cause, it must convince the Court that neglect was excusable before it can prevail. While the basic purpose of the default judgment is to protect parties from undue delay-harassment, of which Kresge might not appear to be guilty were we considering the question in the first instance, the District Court is vested with a substantial amount of discretion we will not lightly overturn. Since no abuse of that discretion has been demonstrated to us, we are constrained to affirm.

Affirmed.

---

1. We have withheld this opinion pending a ruling by the district court on Kresge's motion to correct the record. The district court denied the motion as "without merit and we fully agree with this determination."