CHARLTON L. DAVIS & COMPANY, P.
C., Plaintiff-Appellee,

v.

FEDDER DATA CENTER, INC.,
Defendant,

Financial Computer Corporation,
Defendant-Appellant.

No. 77–1313
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 22, 1977.

Ed G. Barham, Willis L. Miller, III, Valdosta, Ga., for defendant-appellant.

H. Arthur McLane, Valdosta, Ga., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

The district court entered a $20,500 default judgment against two defendants, one of which was Financial Computer Corporation. Financial moved to set aside the judgment because the plaintiff failed to give the three-day notice required by Fed. R.Civ.P. 55(b)(2). The district court denied the motion. We reverse, deciding that Financial made a sufficient "appearance" to be entitled to Rule 55(b)(2) notice, and that adequate grounds exist for setting the judgment aside under Fed.R.Civ.P. 60(b).

Plaintiff filed this suit in the Middle District of Georgia on July 9, 1976. Following service on July 27, 1976, Financial's president forwarded the papers to his Maryland attorney. Because of a misunderstanding

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

concerning who was to obtain local counsel, no answer was filed. The Maryland attorney discovered the oversight on October 6, 1976. He telephoned the clerk's office and was told that, although the case was in default, no motion for judgment was pending. He then both telephoned and wrote the plaintiff's attorney, indicating an intent to defend and requesting an extension of time because of a trial in another case. The plaintiff's lawyer, who was unsure of the status of the cases at the time of the telephone call, said he would consult his client. Six days later, without notice to Financial, the plaintiff obtained a default judgment, alleging in its motion that no appearance had been made by the defendant.

■ Judgments by default are a drastic remedy and should be resorted to only in extreme situations. *E. F. Hutton & Company v. Moffatt,* 460 F.2d 284, 285 (5th Cir. 1972). Fed.R.Civ.P. 55(b)(2) provides in part:

> If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

The appearance required by the rule has been broadly defined, and not limited to a formal court appearance. *See H. F. Livermore Corp. v. Aktiengesellschaft Gebruder L.,* 139 U.S.App.D.C. 256, 432 F.2d 689, 691 (1970) (letters and phone calls); *United States v. One 1966 Chevrolet Pickup Truck,* 56 F.R.D. 459 (E.D.Tex.1972) (claim and cost bond); *Dalminter, Inc. v. Jessie Edwards, Inc.,* 27 F.R.D. 491 (S.D.Tex.1961) (letter); 6 *Moore's Federal Practice* ¶ 55.05[3] (1976); Annot., 27 A.L.R.Fed. 620 (1976). The plaintiff knew Financial had a clear purpose to defend the suit. The knowledge came from a phone call and a letter "responsive to plaintiff's formal Court action." *Baez v. S. S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

■ The appendix and briefs do not indicate time was of the essence. Plaintiff's lawyer was not even aware the case was in default until he received an inquiry from Financial's attorney. If the plaintiff felt Financial was guilty of dilatory tactics and had no real defense, then notice under Rule 55 would have promptly resolved the matter. Instead, the plaintiff sought to reap tactical advantage from Financial's prior neglect by acquiring in stealth a decision sheltered by the rules which protect final judgments. Such practice is what Rule 55 was designed to prevent.

The plaintiff relies on *Port-Wide Container Co. v. Interstate Maintenance Corp.,* 440 F.2d 1195 (3d Cir. 1971), and *Rutland Transit Co. v. Chicago Tunnel Terminal Co.,* 233 F.2d 655 (7th Cir. 1956). Both cases upheld default judgments against parties who had indicated an intent to defend but had not filed formal pleadings. In both decisions, however, actual notice of the impending default judgment was given. In *Port-Wide,* the plaintiff served written notice and the defendant's secretary, who was fired the same day, did not transmit it. In *Rutland,* verbal warning was conveyed. Given the equitable nature of a motion to set aside a default judgment, those cases do not provide guiding precedent for situations in which no notice of any sort was given. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 2686 (1973).

Rule 55(c) provides that that judgment of default is to be set aside in accordance with Rule 60(b).

> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The plaintiff's failure to notify Financial of the default motion in violation of Rule 55 provides sufficient reason for Financial's failure to respond to the motion. Financial asserts it has a meritorious defense to the lawsuit, because it is not the successor in interest of the corporation with which the plaintiff dealt. As a result, Financial should have been granted relief under Rule 60(b)(6) from the default judgment, which is hereby vacated. The case is remanded.

VACATED AND REMANDED.