James TURNER and Linda Chase,
Plaintiffs-Appellees,

v.

Julio C. SALVATIERRA,
Defendant-Appellant.

No. 78–1710
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Robert W. Stern, Miami, Fla., for defendant-appellant.

Arthur Roth, Miami, Fla., for plaintiffs-appellees.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Defendant Julio C. Salvatierra seeks to vacate a final default judgment of $8,458.53 entered in favor of plaintiffs James Turner and Linda Chase. Since plaintiffs did not meet the notice requirements of Fed.R. Civ.P. 55(b)(2) when applying to the court for the default judgment, we vacate the judgment and remand the case for further proceedings.

Plaintiffs Turner and Chase were hired by a boat delivery service to transport a yacht owned by defendant Salvatierra from Pompano Beach, Florida to Venezuela, defendant's native land. The yacht sank en route, and plaintiffs brought suit against Salvatierra to recover wages and damages for loss of personal effects. They filed their complaint on March 5, 1976, serving defendant with process pursuant to Fla. Stat. §§ 48.161, 48.19 [1] by serving the Florida Secretary of State on March 12 and notifying defendant of such service by registered mail on March 29. The case lay dormant until August 31, when the District Court, pursuant to Rule 13 of the Local Rules for the Southern District of Florida, entered an order of dismissal for lack of prosecution, providing that the action would be dismissed without prejudice on September 15 unless plaintiffs filed before that date with the clerk of the court an affidavit showing good cause and the court determined that plaintiffs had demonstrated good cause for their lack of diligence. Without having filed that affidavit, on Sep-

1. Fla.Stat. § 48.161. Method of substituted service on nonresident.—

(1) When authorized by law, substituted service of process on a nonresident . . . by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $5.00 with the public officer or in his office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows . . . . The fee paid by the plaintiff to the public officer shall be taxed as cost if he prevails in the action. The public officer shall keep a record of all process served on him showing the day and hour of service.

.    .    .    .    .

Fla.Stat. § 48.19. Service on nonresidents operating aircraft or watercraft in the state.—The operation, navigation or maintenance by a nonresident of an aircraft or a boat, ship, barge or other watercraft in the state, either in person or through others, and the acceptance thereby by the nonresident of the protection of the laws of this state for the aircraft or watercraft, or the operation, navigation or maintenance by a nonresident of an aircraft or a boat, ship, barge, or other watercraft in the state, either in person or through others, other than under the laws of the state, . . . . constitutes an appointment by the nonresident of the Secretary of State as the agent of the nonresident . . . on whom all process may be served in any action or proceeding against the nonresident . . . growing out of any accident or collision in which the nonresident . . . may be involved while, either in person or through others, operating, navigating, or maintaining an aircraft or a boat, ship, barge, or other watercraft in the state. The acceptance by operation, navigation or maintenance in the state of the aircraft or watercraft is signification of the nonresident's . . . agreement that process against him so served shall be of the same effect as if served on him personally.

tember 15 plaintiffs moved for entry of default. That same day, defendant filed an answer and affirmative defenses. Although the complaint was dismissed for lack of prosecution on September 15, later in the year plaintiffs took depositions from officials of the yacht brokerage company that had sold the sunken vessel to defendant and defendant deposed those individuals as well as plaintiffs.

Plaintiffs refiled their complaint on December 28, 1976, and by permission of the court the complaint was reassigned the same docket number as that of the original action. On January 4, 1977, plaintiffs again served process on defendant by serving the Florida Secretary of State and on January 25 they informed defendant of that service by registered mail. After four months passed, without response by defendant, on May 4 plaintiffs moved for entry of default against defendant; the clerk entered the default on the same date.

Plaintiffs filed a motion for entry of final judgment on May 25. The District Court issued an order granting the motion for default judgment, limited to the issue of liability, on July 5, and scheduled a hearing on the damages issue for July 15. The District Court entered its final judgment on July 18, awarding plaintiffs aggregate damages of $8,428.53 plus costs. On July 28 defendant moved to vacate the final judgment and filed both a motion to vacate default and a third party complaint. The District Court denied defendant's motion to vacate the final judgment on January 30, 1978 and defendant filed this appeal.

This Court has recognized that "[t]he entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. [Citations omitted] It is only appropriate where there has been a clear record of delay or contumacious conduct." *E. F. Hutton & Co. v. Moffatt,* 5 Cir., 1972, 460 F.2d 284, 285; *Charlton L. Davis & Co. P.C. v. Fedder Data Center,* 5 Cir., 1977, 556 F.2d 308, 309. Moreover, under Fed.R.Civ.P. 55(b)(2), "[i]f the party against whom judgment is sought has appeared in the action, he (or, if appearing by

representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." To qualify as an appearance and thereby trigger the foregoing notice requirement, defendant's actions must "at least" "be responsive to plaintiff's formal Court action." *Baez v. S. S. Kresge Company,* 5 Cir., 1975, 518 F.2d 349, 350, *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

■ Here, defendant filed an answer and affirmative defenses and deposed prospective witnesses in connection with plaintiffs' original complaint of March 5, 1976. The two complaints received the same docket number, appear on the same record and are identical in content. Thus, the two are "really one and the same," *Press v. Forest Laboratories, Inc.,* 45 F.R.D. 354, 356 (S.D. N.Y.1969), so defendant's actions in response to the first complaint constitute an appearance for purposes of Rule 55(b)(2). Plaintiffs were therefore required to comply with the notice provisions of the rule.

■ Rule 55(c) provides that judgments of default may be set aside in accordance with Rule 60(b) "[f]or good cause shown." Because plaintiffs' failure, in violation of Rule 55, to notify defendant of their default motion "provides sufficient reason for [defendant's] failure to respond," and because defendant claims that he has a meritorious defense by his denial of privity of contract or any other relationship creating any liability to defendants, the District Court should have granted defendant's motion for relief from the final default judgment pursuant to Rule 60(b)(6). *Charlton L. Davis & Co. P. C. v. Fedder Data Center,* 5 Cir., 1977, 556 F.2d 308, 309. Accordingly, that judgment is hereby vacated and the case remanded.

VACATED AND REMANDED.