Kelly S. SEGARS, Plaintiff,

v.

William F. HAGERMAN, Defendant.

Civ. A. No. EC 83–76–WK–P.

United States District Court,
N.D. Mississippi, E.D.

Aug. 10, 1983.

Douglas C. Wynn, Wynn & Mitchell, Greenville, Miss., for plaintiff.

George R. Serdar, Bowman & London, St. Paul, Minn., for defendant.

### MEMORANDUM ORDER

KEADY, District Judge.

In this diversity action, plaintiff, Kelly S. Segars, sues defendant, William F. Hagerman, for breach of contract and unspecified tort claims arising out of the sale of a houseboat. Entry of default was had against defendant on June 21, 1983; upon receipt of plaintiff's sworn affidavit that defendant had not appeared or otherwise

defended in this action, default judgment without notice or hearing was rendered by this Court on June 23, 1983. This cause is now before the Court upon defendant's motion to vacate said default judgment pursuant to Fed.R.Civ.P. 60(b)(3), (6).[1]

The underlying facts of this case are not disputed. In May 1982, defendant purchased plaintiff's houseboat from plaintiff's authorized agent for $37,000, of which sum $4,000 was to be retained by the agent as his commission. However, the agent apparently absconded with the entire sum, leaving plaintiff "high and dry" with neither boat nor purchase money. Plaintiff's counsel first contacted defendant's attorney in August of 1982, and several discussions took place, the gist of which being that the plaintiff wanted either the return of his boat or full payment from the defendant. The defendant maintained that he had made proper payment for the boat to plaintiff's duly authorized agent, and that if plaintiff had not received his money, he should look to that individual, rather than to defendant, for relief.

This lawsuit was filed in February 1983 and service was had upon defendant sometime in March. No answer having been filed, default judgment was sought, and granted, in June. Counsel for both sides agree that at least two conversations were held between them, in March and April, with plaintiff's counsel agreeing each time to an extension of time for defendant to answer. Defendant's counsel contends that it was agreed that both extensions were of an unlimited duration; plaintiff's counsel maintains that each extension was limited to thirty days. In either case, it is clear that plaintiff's counsel agreed to two extensions, whatever the length, and was aware, at the time default judgment was taken, that the suit would be contested.

Entry of judgments by default are controlled by Fed.R.Civ.P. 55(b), which provides in part:

[N]o judgment by default shall be entered against ... such representative who has appeared [in the action]. If the party against whom judgment by default is sought has appeared ... he ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

Fed.R.Civ.P. 55(b)(2). The Fifth Circuit has held that where a party has appeared and default judgment was entered against him without notice as required by the rule, the judgment should be set aside under Rule 60(b)(6). *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir.1978); *Charlton L. Davis & Co. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir.1977). The precise issue thus presented for our determination is whether two agreements between opposing counsel extending the time within which defendant had to file his answer constitutes an "appearance" within the meaning of Rule 55(b)(2), thereby requiring three days' notice before default judgment could be entered.

Both parties agree that *Charlton C. Davis & Co. v. Fedder Data Center, Inc.* is dispositive of the issue. In that case, the Fifth Circuit set aside a default judgment obtained by the plaintiff without notice to the defendant after a request had been made by defendant's attorney for an extension of time within which to answer. The court held that, "[t]he appearance required by the rule has been broadly defined, and not limited to a formal court appearance. (citations omitted) The plaintiff knew [defendant] had a clear purpose to defend the suit. The knowledge came from a phone call and a letter 'responsive to plaintiff's formal court action.'" 556 F.2d at 309 (quoting *Baez v. S.S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)). *See also H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 692 (D.C. Cir.1970) (settlement discussions constitute "appearance," requiring three days' notice

---

1. Because this motion can be disposed of under Fed.R.Civ.P. 60(b)(6), we do not address defendant's Rule 60(b)(3) charge, concerning alleged misrepresentations by opposing counsel.

The evidence on this point is conflicting and does not support defendant's demand for censure or other sanctions.

of hearing); *Dalminter, Inc. v. Jessie Edwards, Inc.,* 27 F.R.D. 491, 492–93 (S.D.Tex. 1961) (single letter from defendant to plaintiff's counsel denying charges deemed "appearance").

Although plaintiff "disagree[s] with the liberal interpretation of the word 'appeared," he concedes the applicability of this standard and admits that "the three days notice required by Rule 55(b)(2) should have been given." Plaintiff's Brief, at 1. Finding that a meritorious defense exists, and that time was not of the essence, we agree, and therefore vacate the default judgment entered on June 23, 1983.

Plaintiff argues, however, that even if the default judgment is vacated, the entry of default should be allowed to stand, and urges that a hearing be set for the sole purpose of fixing the measure of damages. We decline the invitation of both counsel to elevate the sworn affidavit of one above that of the other. At bottom, it matters little whether plaintiff's counsel agreed to an extension of thirty days or three hundred; the time within which to file an answer is fixed by Fed.R.Civ.P. 12(a) and cannot be enlarged except by court order. Why such an order was not sought of this Court we can only surmise, but to impute such an oversight of counsel to the client, with such drastic consequences attendant, would be grossly unfair. We believe that the purpose stated for requiring notice before entry of default judgment is instructive:

> [t]he possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy. The notice requirement contained in Rule 55(b)(2) is, however, a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit.

*H.F. Livermore Corp. v. Aktiengesellschaft,* 432 F.2d at 691. The purpose of the rule is the protection of those parties who have evidenced a clear intent to defend the suit; that purpose would be subverted if the entry of default were allowed to stand, imposing liability upon the defendant, leaving for decision only the total amount of damages to be awarded. An entry of default may be vacated for "good cause shown." Fed.R. Civ.P. 55(c). The Court concludes that sufficient cause exists for vacating the entry of default.

Accordingly, it is

ORDERED

That the motion to vacate default judgment is SUSTAINED, and the default judgment and entry of default are hereby VACATED, and defendant allowed to answer.