**CARGILL INCORPORATED, d/b/a Stevens Industries, Dawson, Georgia, Plaintiff,**

v.

**Norman COHEN, Defendant.**

**Civ. A. No. 84–200–ALB–AMER.**

United States District Court,
M.D. Georgia,
Albany-Americus Division.

April 1, 1987.

James M. Collier, Dawson, Ga., for plaintiff.

John T. Croley, Jr., Fitzgerald, Ga., for defendant.

FITZPATRICK, District Judge.

This case began as an action for a Temporary Restraining Order that plaintiff filed with the court on November 20, 1986. The court held a hearing on November 25, 1986, with defendant appearing pursuant to oral notice. At the hearing, plaintiff handed defendant a copy of the complaint. The court ordered that the funds from the sale of any of the peanuts allegedly under contract to plaintiff be deposited into the registry of the court, and the court also enjoined defendant from delivering any other peanuts to any party other than plaintiff. On December 4, 1986, defendant filed a Motion for the Payment of Funds. On January 14, 1987, plaintiff responded to defendant's motion and supplemented the record with service of summons. Defendant filed and served his answer and counterclaim on February 2, 1987.

Defendant filed an Affidavit of Default on March 3, 1987, and the clerk entered a default against plaintiff on that same date pursuant to Rule 55(a). Fed.R.Civ.P. 55(a).

The affidavit stated that the counterclaim against plaintiff was for a sum certain. On March 6, 1987, this court entered a default judgment against plaintiff in the amount of $10,198.07. Defendant did not serve plaintiff with notice of the application for default judgment as contemplated in Rule 55(b)(2). Fed.R.Civ.P. 55(b)(2).

The case is presently before the court on plaintiff's Motion to Set Aside Default Judgment. Plaintiff contends that it is entitled to have the default judgment set aside because it did not receive notice under Rule 55(b)(2). In the alternative, plaintiff argues that he is entitled to relief under Rule 60(b). Fed.R.Civ.P. 60(b).

It is well settled that judgments by default are a drastic remedy and should be resorted to only in extreme situations. *Charlton L. Davis, Co. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977). The policy behind the Federal Rules of Civil Procedure reflects a movement away from restrictive rules that prevent the hearing of a case on its merits. *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir. 1970). A party may have a default judgment entered against him only in a limited set of circumstances. The clerk may enter a default judgment against a party without that party receiving notice of the application for default judgment only when the claim is "for a sum certain or for a sum which can by computation be made certain, ..." the defendant has been defaulted for failure to appear, and the defendant is not an infant or an incompetent person. Fed. R.Civ.P. 55(b)(1).

■ Unless a case falls within the limited category of cases described in Rule 55(b)(1), a party must follow the procedure outlined in Rule 55(b)(2) for obtaining a default judgment. Even though the claim may be for a sum certain, "the party against whom the judgment by default is sought ... shall be served with written notice of the application for judgment at

least three days prior to the hearing[1] on such application ..." if that party has made an appearance in the case. Fed.R. Civ.P. 55(b)(2). The appearance required by the rule has been broadly defined and is not limited to a formal court appearance. *See, e.g., Fedder Data*, 556 F.2d at 309.

■ Defendant has argued that notice under 55(b)(2) is not required when the claim is for a sum certain. What defendant has overlooked, however, is that notice is required under Rule 55(b)(2) when the party against whom the claim is made has made an appearance in the suit, even when that claim is for a sum certain. *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir. 1978). In this case, the defendant concedes that plaintiff has made an appearance in the case by filing its complaint.

In *Savoretti v. Rodriguez-Jiminez*, 252 F.2d 290, 291 (5th Cir.1958), the court held that a district court should set aside as void a default judgment that has been entered without the three day notice required by Rule 55(b)(2). In *Fedder Data*, the Fifth Circuit held that the default judgment should be vacated pursuant to Rule 60(b)(6), Fed.R.Civ.P. 60(b)(6). The court's decision appeared to be grounded on the lack of notice as required by Rule 55(b)(2) as well as the party's assertion of a meritorious defense, *Fedder Data*, 556 F.2d at 309, although another court has interpreted that decision as relying solely on the lack of notice. *Segars v. Hagerman*, 99 F.R.D. 274, 275 (N.D.Miss.1983) ("[W]here a party has appeared and default judgment was entered against him without notice as required by the rule, the judgment should be set aside under Rule 60(b)(6).").

In *Turner*, the Fifth Circuit again appeared to rely on plaintiff's failure, in violation of Rule 55(b)(2), to notify defendant of the application for a default judgment as well as defendant's assertion of a meritori-

ous defense. *Turner*, 580 F.2d at 201. The court also stated that "Rule 55(c) provides that judgments of default may be set aside in accordance with Rule 60(b) '[f]or good cause shown.'" *Id.* The Eleventh Circuit, however, has recently made clear that it is an entry of default that may be set aside under Rule 55(c) "[f]or good cause shown," and the exclusive method for attacking a judgment of default in the district court is by way of a 60(b) motion. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1507 (11th Cir.1984). Pursuant to the direction of *Gulf Coast Fans*, the court is to look to one of the standards set forth in Rule 60(b) rather than the standard of "for good cause shown" when determining whether or not to set aside a default judgment.

■ More recently, the Eleventh Circuit has indicated that a default judgment is void for lack of notice if the judgment is obtained in violation of the notice provisions of Rule 55(b)(2). *Solaroll Shade and Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986). *Savoretti* and *Bio-Energy Systems* establish a rule that a judgment of default obtained in violation of the notice requirements of Rule 55(b)(2) is void. The existence of a meritorious defense is relevant to the inquiry into whether the party has shown good cause sufficient to have the entry of default set aside under Rule 55(c); it does not affect the validity of a default judgment obtained in violation of Rule 55(b)(2).

■ The judgment of default should be set aside under Rule 60(b) as void. The court also concludes that the entry of default should be set aside. Plaintiff has asserted a meritorious defense to defendant's counterclaim[2], and it acted quickly to

---

**1.** Even though the rule states that notice shall be given three days prior to the hearing, Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment. *S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. Oct. 1981).

**2.** In this case the plaintiff has denied the allegations of defendant's counterclaim. Generally one cannot satisfy the burden of showing a meritorious defense by asserting a general denial. "Instead, [the party] must make an affirmative showing of a defense that is likely to be successful." *Bio-Energy Systems*, 803 F.2d at

cure its default. Plaintiff's default does not in any way appear wilful, and defendant will not be prejudiced by having the default set aside. *Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231 (N.D.Ga. 1975).

Accordingly, it is the ORDER of this court that plaintiff's Motion to Set Aside the Default Judgment is GRANTED and that the entry of default shall be set aside.

1133. When a general denial is asserted to a counterclaim, however, then it may be appropriate to view that general denial in the context of the allegations made in plaintiff's complaint.

When that is done in this case, the court concludes that plaintiff has made "an affirmative defense [to defendant's counterclaim] that is likely to be successful." *Id.*