**Jeff DAVIES, Plaintiff,**

v.

**MIDWESTERN CORPORATION, and Alexander Schubert, Defendants.**

**No. 6:02–CV–162–ORL–18JGG.**

United States District Court,
M.D. Florida,
Orlando Division.

May 19, 2003.

Jeff Davies, Orlando, Pro se.

Jose I. Rojas, Concepcion, Rojas & Santos, LLP, Coral Gables, FL, for Afilias, Ltd.

## ORDER

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE comes before the Court upon Defendant Alexander Schubert's motion to reopen the case, vacate default and default judgment, and dismiss. (Doc. 44.)

## I. BACKGROUND

Jeff Davies ("Plaintiff"), appearing *pro se*, filed a complaint against Defendants Mid-Western Corporation and Alexander Schubert seeking declaratory relief regarding the registration of a domain name. (Doc. 1.) Plaintiff initially attempted to serve Defen-

---

1. Specifically, Plaintiff failed to serve Defendants in accordance with the rules provided in the Hague Convention. (Doc. 13.)

2. Defendant also argues he was not properly served with a copy of the order granting default judgment. (Doc. 44 at 6.) However, under Fed. R.Civ.P. 55(b), default judgment may be entered against a party without that party receiving notice where the Defendant has been defaulted for failure to appear. *Cargill Inc. v. Cohen*, 115 F.R.D. 259, 260 (M.D.Ga.1987).

dants in Germany via electronic mail. On 21 March 2002, Plaintiff filed a motion for default judgment based on Defendants' failure to answer the complaint. (Doc. 11.) The Court denied Plaintiff's motion because Plaintiff failed to effect proper service on the foreign Defendants pursuant to Fed.R.Civ.P. 4(f).[1] (Doc. 13.)

On 28 May 2002, Plaintiff filed another motion for default judgment. (Doc. 14) The Court found that Plaintiff's second attempt at service of process was sufficient and granted Plaintiff's motion. (Doc. 17.) The case was closed on 26 June 2002. Defendant Alexander Schubert now seeks to reopen the case, set aside default and default judgment, and dismiss the action based upon insufficient service of process. (Doc. 44.)

## II. LAW AND APPLICATION

■ Motions to set aside default judgment under Fed.R.Civ.P. 60(b) are "directed to the sound discretion of the district court." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984). The Court may relieve a party from a final judgment if the judgment is "void." Fed.R.Civ.P. 60(b)(4). "[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Defendant bears the burden of proving that the default judgment is void for lack of proper service of process under Fed. R.Civ.P. 60(b)(4). *Id.*

Defendant Schubert argues that he has never been properly served with the complaint.[2] Defendant, however, bases his argument *solely* on the fact that Plaintiff initially

---

Furthermore, Defendant argues the order granting default judgment was not set forth on a separate document or signed by the clerk. (Doc. 44 at 6.) The purpose of the separate-document requirement, however, is merely to clarify when the time for appeal begins to run. *Reynolds v. Golden Corral Corp.*, 213 F.3d 1344, 1345 (11th Cir.2000).

attempted to serve the Defendants in Germany via electronic mail. (Doc. 44 at 6.) Specifically, Defendant states "Plaintiff has 'attempted' to serve Alexander Schubert by electronic mail," and "[s]uch an attempt is not permissible under the Federal Rules of Civil Procedure." (Doc. 44 at 6.) Defendant completely ignores the fact that this Court denied Plaintiff's initial motion for default judgment for that very reason—for failure to effect proper service. (Doc. 13.)

Furthermore, Defendant fails to address the fact that Plaintiff made a second attempt at service of process. In Plaintiff's subsequent motion for default judgment, which this Court granted, Plaintiff stated he "since learned that [D]efendant Schubert maintains a place of business in the United States." (Doc. 14, ¶ 16.) Plaintiff discovered that Defendant Schubert maintained a website wherein he advertised a New York address as his place of business and, thus, Plaintiff served Defendants in New York.[3] (Doc. 14, Attach.)

Pursuant to Fed.R.Civ.P. 4(e), service upon an individual or corporation may be effected "pursuant to the law of the state in which the district court is located, or *in which service is effected*." (Emphasis added). New York law authorizes service of process on an individual by delivery of the summons to a person of suitable age and discretion at the individual's actual place of business and by mailing a copy by first class mail to the individual's actual place of business. N.Y. C.P.L.R. 308(2) (McKinney 2003). According to section 308(6), an " 'actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business."

According to the Affidavit of Service, Plaintiff appears to have effected proper service of process in accordance with New York law and the Federal Rules of Civil Procedure. Plaintiff served Defendant Schubert, as an individual and as agent for MidWestern Corporation,[4] by delivering the summons and complaint to a person of suitable age and discretion at the address Schubert held out as his place of business, and by mailing a copy by first class mail. (Doc. 14, Aff.) Defendant has not done anything to dispute this method of service. Defendant has therefore failed to satisfy his burden of proving to this Court that service of process was not sufficient. Accordingly, the default judgment is not void.

## III. CONCLUSION

For the foregoing reasons, Defendant Alexander Schubert's *motion to reopen the case, set aside default and default judgment, and dismiss* (Doc. 44, filed 21 April 2003) is **DENIED.** Furthermore, Plaintiff's motion *for payment of costs into court as a condition of consideration of the Defendant's motion to reopen* (Doc. 45, filed 25 April 2003) is **DENIED AS MOOT.**

---

3. The address 1461 1st Avenue # 351, New York, N.Y. 10021, was listed at the W3 Development website, http://www.w3development.info/, which was registered to Alexander Schubert. (Doc. 14, Attach.)

4. Defendant Schubert claims he "never founded" MidWestern Corporation and, therefore, he is the only valid Defendant in this action. (Doc. 44 at 5.) Thus, Defendant Schubert is solely liable for the judgment.