SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

GETANSWERS, INC., James Koenig and
Robert Cournoyer, Defendants,

and

Oceanmark Consulting Group,
Inc., Relief Defendant.

Kathy Klock, in her capacity as the Court Appointed Receiver for Getanswers, Inc. and Answersoft, Inc., Receivership Plaintiff,

v.

Robert Cournoyer, Holly Cournoyer a/k/a Annette Berry, Oceanmark Consulting Group, Inc., David Nepo, Nepo, Inc., Charles B. Ehrlich a/k/a John Lloyd, Miami Education & Multimedia Entertainment, Barington Schneer, Ronald Saul Welch, Ladies of Style, Inc., Neil Marcellino, Andrew Rosenbaum, and Jorge Semper, Receivership Defendants.

No. 03–2004B–CIV–KING.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 29, 2004.

Jonathan Butler, Steel, Hector & Davis, LLP, West Palm Beach, FL, Counsel for Receivership Plaintiff.

Christopher Bruno, Bruno & Degenhardt, P.C., Fairfax, VA, David R. Chase, David R. Chase, P.A., Hollywood, FL, Counsel for Third–Party Defendant Charles B. Ehrlich.

***ORDER DENYING DEFENDANT CHARLES B. EHRLICH'S MOTION TO VACATE DEFAULT JUDGMENT AND FOR LEAVE TO FILE AN AN-SWER***

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant Charles B. Ehrlich's Motion

to Vacate Default Judgment and For Leave to File Answer, filed September 29, 2003. On October 22, 2003, Receivership Plaintiff ("Receiver") filed her Response. On November 12, 2003, Defendant filed his Reply. On December 5, 2003, Receiver filed her Sur Reply. On December 16, 2003, Defendant filed his Response to Receiver's Sur Reply.

## BACKGROUND

Receiver brought this action in connection with the SEC's underlying enforcement action against Defendant GetAnswers. On February 20, 2003, Receiver filed a Complaint against Defendant, alleging conversion and unjust enrichment and seeking imposition of a constructive trust. Specifically, the Complaint alleges that Defendant "improperly retained $514,590.50 in 'commissions' from his solicitation of GetAnswers' stock." (Receiver's Resp. at 2.) Defendant executed a formal acceptance of service of the Complaint but never responded to the Complaint in any manner. Accordingly, on June 12, 2003, Receiver moved for a clerk's entry of default (DE # 107), and on June 13, 2003, the Clerk of Court entered a default against Defendant (DE # 109). When Defendant again failed to respond in any manner, Receiver moved for a default final judgment on August 13, 2003, pursuant to Fed.R.Civ.P. 55(b) (DE # 129). On August 15, 2003, the Court entered a default final judgment against Defendant (DE # 130).

In his current Motion, Defendant argues that the Court's default final judgment was improper for two reasons. First, Defendant argues that pursuant to Fed. R. Civ P. 55(b)(2), Receiver was required to provide Defendant with notice of her motion for a default judgment and failed to do so. Second, Defendant argues that pursuant to Fed. R.Civ.P. 60(b)(1), Defendant's failure to respond to the Complaint constituted excusable neglect.

## DISCUSSION

A. *Receiver was not require to provide notice of her motion for a default judgment because Defendant did not make an appearance in this action.*

■ Fed.R.Civ.P. 55(b)(2) states, "if the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Though the rule only applies when the defendant has "appeared," the defendant does not have to make a formal appearance to trigger the notice requirement. The defendant must simply manifest a clear intention to defend. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141–42 (5th Cir.1996); *Key Bank of Maine v. Tablecloth Textile Corp.*, 74 F.3d 349, 353 (1st Cir.1996); *Wilson v. Moore and Assocs., Inc.*, 564 F.2d 366 (9th Cir.1977). Some courts have held that participation in settlement negotiations constitutes a clear intention to defend. *Key Bank*, 74 F.3d at 353; *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir. 1970). However, settlement negotiations do not constitute an appearance if the party seeking a default clearly communicates an intention to seek a default judgment if settlement negotiations do not produce results by a specific deadline. *Port–Wide Container Co. v. Interstate Maintenance Corp.*, 440 F.2d 1195, 1196 (3rd Cir.1971); *see also Wilson*, 564 F.2d at 369. Moreover, informal contacts alone do not constitute an appearance if they fail to rise to the level of settlement negotiations. *Wilson*, 564 F.2d at 369.

■ In this case, it is undisputed that Receiver failed to provide Defendant with written notice of her motion for a default judgment. It is also undisputed that Defendant failed to make a formal appearance prior to the entry of judgment against him. The sole point at issue is whether Defendant appeared informally. The Court finds that Defendant's alleged participation in settlement negotiations did not constitute an appearance under Rule 55(b)(2). Defendant could have triggered the notice requirement by simply filing a Notice of Appearance with this Court, but Defendant chose not to respond at all. Given the ease with which Defendant could have made a formal appearance, this Court does not wish to conduct a

factual inquiry into a purported informal appearance. Moreover, it is undisputed that Receiver specifically warned Defendant of her intention to move for a default judgment if Defendant failed to put forth a reasonable settlement proposal by August 12, 2003. (Def.'s Reply at 15.) Lastly, it is not even clear that Defendant engaged in settlement negotiations with Receiver. The record reflects that Defendant did little more than express a desire to negotiate and then repeatedly request additional time to prepare an initial offer. There is no evidence that Defendant expressed an intent to defend, rather than delay, this action. Therefore, Defendant failed to make an informal appearance in this proceeding that would have triggered the notice requirements of Rule 55(b)(2).

■ Defendant also cites three cases for the proposition that an appearance in one proceeding may constitute an informal appearance in a related proceeding.[1] Defendant argues that his informal contacts in a related proceeding brought against him by the Securities and Exchange Commission ("SEC") triggered the notice requirements of Rule 55(b)(2) in this proceeding. However, all of Defendant's cited cases involved instances where both parties to the defaulted proceeding also appeared in the related proceeding. Conversely, in this case, Receiver was not a party to the SEC action against Defendant, and Defendant may not hold the SEC responsible for informing Receiver of Defendant's intention to defend this action. Accordingly, Defendant's contacts with the SEC, however extensive, did not trigger the notice requirements of Rule 55(b)(2) in this proceeding.

B. *Defendant's failure to respond to the Complaint did not constitute excusable neglect.*

■ Fed.R.Civ.P. 60(b)(1) states that a court may overturn a default judgment because of "mistake, inadvertence, surprise, or excusable neglect." To establish excusable neglect, a defaulting party must show that (1)

a good reason existed for failing to respond to the complaint; (2) vacating the default judgment would not result in prejudice to the non-moving party; and (3) the party had a meritorious defense that might have affected the outcome. *Fla. Physician's Ins. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.1993).

■ Defendant argues that excusable neglect justified his failure to respond to Receiver's Complaint. Defendant contends he had a good reason for his failure to respond because he wished to cooperate with both Receiver and the SEC and did not wish to sabotage his efforts by alerting other defendants of his intentions. However, Defendant fails to show how a perfunctory filing would have hindered his cooperative aspirations. Defendant might simply have put forth a general denial of the claims against him, moved the Court for an extension of time to file an Answer, or even moved the Court for an extension of time to move to vacate the clerk's entry of default. Instead, Defendant chose to do nothing. Therefore, Defendant has failed to provide a good reason for his failure to respond to the Complaint.

■ Turning to the second requirement, vacating the default judgment will result in prejudice to Receiver. As noted in her Response, Receiver's task is to "quickly and efficiently marshal GetAnswers' assets and to recover as much as possible from those who wrongfully obtained or retained GetAnswers' funds." (Resp. at 18.) Vacating any default judgment prejudices the non-moving party by delaying resolution of court proceedings, but in this case Defendant's stalling tactics have already delayed these proceedings unnecessarily. Defendant's response to Receiver's Complaint was due by April 28, 2003, yet Receiver waited almost four months to move for a default judgment because Defendant repeatedly promised settlement offers that never materialized. Granting Defendant's Motion would further prejudice Receiver's efforts to complete her appointed task in an efficient manner.

---

1. Defendant cites *In re Roxford Foods, Inc. v. Ford,* 12 F.3d 875 (9th Cir.1993); *Turner v. Salvatierra,* 580 F.2d 199, 201 (5th Cir.1978); *Press v. Forest Labs., Inc.,* 45 F.R.D. 354 (S.D.N.Y. 1968).

■ Finally, Defendant has failed to establish that he had a meritorious defense that might have affected the outcome of the case. In his current Motion, Defendant claims that he would challenge the existence of scienter with respect to the claims in Receiver's Complaint. (Def.'s Mot. at 27.) However, Receiver correctly notes in her Response that scienter is irrelevant to the offenses alleged in the Complaint. (Resp. at 17). Defendant changes his tack in his Reply and asserts that he acted in good faith at all relevant times. (Reply at 13.) However, Defendant's unsubstantiated denial of the claims against him does not establish a *meritorious* defense because Defendant fails to offer even a shred of evidence in support.

Therefore, Defendant has failed in all respects to show excusable neglect.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant Charles B. Ehrlich's Motion to Vacate Default Judgment and For Leave to File Answer be, and the same is hereby, DENIED.